United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Kimberly A Roth  
    Debtor

Case No. 16-12441-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: dlv        Page 1 of 1        Date Rcvd: Mar 20, 2017  
                     Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2017.  
db        +Kimberly A Roth,   229 W. Weis Street,   Topton, PA 19562-1511

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2017                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2017 at the address(es) listed below:  
        BRENNA HOPE MENDELSOHN   on behalf of Debtor Kimberly A Roth tobykmendelsohn@comcast.net  
        DENISE ELIZABETH CARLON   on behalf of Creditor   JP Morgan Chase Bank, N.A.  
         bkgroup@kmllawgroup.com  
        FREDERICK L. REIGLE   ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com  
        JOSHUA ISAAC GOLDMAN   on behalf of Creditor   JP Morgan Chase Bank, N.A. bkgroup@kmllawgroup.com,  
         bkgroup@kmllawgroup.com  
        LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
         ecf_frpa@trustee13.com  
        THOMAS I. PULEO   on behalf of Creditor   JP Morgan Chase Bank, N.A. tpuleo@kmllawgroup.com,  
         bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                       TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly A Roth<br>          Debtor | CHAPTER 13 |
| JPMorgan Chase Bank, National Association<br>          Moving Party<br>vs. | NO. 16-12441 REF |
| Kimberly A Roth<br>          Debtor | |
| Frederick L. Reigle Esq.<br>          Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Moving Party on the Debtor's residence is **$7,431.80,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2017 through February 2017 at $1043.18 |
| Less Suspense Balance: | ($913.64) |
| **Total Post-Petition Arrears** | **$7,431.80** |

2. The Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $7,431.80 along with pre-petition arrears.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $7,431.80 along with pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

d). Maintenance of current monthly mortgage payments to the Moving Party thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: _____

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 3/3/17

Brenna Hope Mendelsohn Esq.
Attorney for Debtor

Date: _____

Frederick L. Reigle, Esquire
Chaper 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order

**Date: March 19, 2017**

Bankruptcy Judge
Richard E. Fehling

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: _____

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: _____

_____
Brenna Hope Mendelsohn Esq.
Attorney for Debtor

Date: 3/8/17

_____
Frederick L. Reigle, Esquire
Chaper 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling